UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONIE L. HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROSSI THOMAS, et al.,<br><br>　　　　Defendants. | Case No.  15-cv-02510-JCS<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915** |

## I.　　INTRODUCTION

Plaintiff Tonie Harris brings this action under Title VII of the Civil Rights Act of 1964 against her former employer Defendant United Airlines ("United") and her former supervisor Defendant Rossi Thomas, alleging sexual assault and sexual harassment.  The Court previously granted Harris's application to proceed in forma pauperis and now reviews the sufficiency of her Complaint pursuant to 28 U.S.C. § 1915(e)(2).  As discussed below, Court finds that Harris's Complaint does not allege sufficient facts to support a plausible claim for relief, and therefore DISMISSES the Complaint with leave to amend, except that Harris may not amend to bring a claim under Title VII against Thomas.[1]  If Harris wishes to file an amended complaint, she must do so **no later than September 18, 2015.**  The case management conference set for September 4, 2015 is hereby CONTINUED to **October 16, 2015 at 2:00 PM** in Courtroom G, located on the fifteenth floor of the federal courthouse at 450 Golden Gate Avenue, San Francisco, California.

## II.　　THE COMPLAINT

Harris filed her Complaint using this Court's form "Employment Discrimination

---

[1] Harris has consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).  Because no other party has been served or appeared, Harris is currently the only party to the case and her consent is sufficient for the undersigned to evaluate her Complaint.

Complaint," asserting a claim under Title VII of the Civil Rights Act of 1964. *See* Compl. (dkt. 1) ¶ 3. She lists "the acts complained of in this suit" as "sexual assault and sexual harassment; gender-based discrimination; hostile work environment based on conduct of supervisor (senior manager) and human resources managers." *Id.* ¶ 4. Harris describes the "basic facts surrounding [her] claim" as follows:

> I was transferred from my position as a global service representative for United Airlines to a position as administrative assistant to Rossi Thomas, Director of Customer Service for UAL. He sexually assaulted me and sexually harassed me until I left on a leave of absence in lieu of termination. Managers of human resources did not intervene and subsequently whitewashed it.

*Id.* ¶ 6. According to Harris, the conduct at issue occurred continuously from November of 2012 through January 8, 2014. *Id.* ¶ 7. Harris filed charges with the Equal Opportunity Employment Commission on May 2, 2014 and received a right-to-sue letter on April 22, 2015. *Id.* ¶¶ 8−9 & Attachment. She filed her Complaint in this Court on June 5, 2015. *See generally id.*

### III. ANALYSIS

#### A. Legal Standards

##### 1. Review Pursuant to § 1915

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that lacks such statement fails to state a claim and must be dismissed.

In determining whether a plaintiff fails to state a claim, the court assumes that all factual allegations in the complaint are true. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S.

1    662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pertinent

2    question is whether the factual allegations, assumed to be true, "state a claim to relief that is

3    plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 570). Thus, to meet this requirement, the

4    complaint must be supported by factual allegations. *Id.*

5    Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must

6    "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v.*

7    *Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). "A district court should not dismiss a

8    pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the

9    complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.

10   2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203−04 (9th Cir. 1988) (per curiam)).

11   Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court

12   must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the

13   litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d

14   1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant

15   will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th

16   Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

### 2. Title VII Sexual Harassment

18   "[S]exual harassment so 'severe or pervasive' as to 'alter the conditions of [the victim's]

19   employment and create an abusive working environment' violates Title VII." *Faragher v. City of*

20   *Boca Raton*, 524 U.S. 775, 786 (1998) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57,

21   67 (1986)). "Workplace conduct is not measured in isolation; instead, whether an environment is

22   sufficiently hostile or abusive must be judged by looking at all the circumstances, including the

23   frequency of the discriminatory conduct; its severity; whether it is physically threatening or

24   humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an

25   employee's work performance." *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270−71 (2001)

26   (per curiam) (citations and internal quotation marks omitted).

27   The "standards for judging hostility are sufficiently demanding to ensure that Title VII

28   does not become a 'general civility code.'" *Faragher*, 524 U.S. at 788 (citation omitted). Rather,

3

"conduct must be extreme to amount to a change in the terms and conditions of employment." *Id*. Although a workplace need not be "so heavily polluted with discrimination as to destroy completely the emotional and psychological stability of minority group workers" to be actionable, "[c]onduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (citation and internal quotation marks omitted). Further, "[t]o hold her employer liable for sexual harassment under Title VII, [a plaintiff] must show that she reasonably feared she would be subject to such misconduct in the future because the [employer] encouraged or tolerated [the] harassment." *Brooks v. City of San Mateo*, 229 F.3d 917, 924 (9th Cir. 2000).

> Because only the employer can change the terms and conditions of employment, an isolated incident of harassment by a co-worker will rarely (if ever) give rise to a reasonable fear that [discriminatory] harassment has become a permanent feature of the employment relationship. By hypothesis, the employer will have had no advance notice and therefore cannot have sanctioned the harassment beforehand. And, if the employer takes appropriate corrective action, it will not have ratified the conduct. In such circumstances, it becomes difficult to say that a reasonable victim would feel that the terms and conditions of her employment have changed as a result of the misconduct.

*Id.* (considering sexual harassment claims under Title VII and California law).

### A. Harris Cannot Bring a Title VII Claim Against Thomas

Harris alleges that Thomas was her supervisor when she worked at United. *See* Compl. ¶¶ 4, 6. Title VII only permits lawsuits against employers—"there is no personal liability for employees, including supervisors." *Greenlaw v. Garrett*, 59 F.3d 994, 1001 (9th Cir. 1995); *see also Craig v. M&O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007) ("We have long held that Title VII does not provide a separate cause of action against supervisors or co-workers."). Harris's Title VII claim against Thomas is therefore DISMISSED WITH PREJUDICE.

Because the Complaint lacks specific factual allegations regarding Thomas's conduct, the Court is unable to determine whether that conduct would support a cause of action under any other statute or doctrine. Although Harris may not bring a Title VII claim against Thomas, dismissal is without prejudice to any other claim that Harris may be able to bring based on Thomas's alleged

sexual harassment of her. If Harris chooses to bring any such claim in her amended complaint, she should identify the claim that she seeks to bring and must support that claim with factual allegations sufficient to "plausibly give rise to an entitlement to relief." *See Iqbal*, 556 U.S. at 679.

### B. Harris's Complaint Lacks Sufficient Factual Allegations to Satisfy the Standard Set Forth in *Iqbal* and *Twombly*

Harris's Complaint includes four basic factual allegations: (1) that Harris was reassigned from a "position as a global service representative for United Airlines to a position as administrative assistant to Rossi Thomas"; (2) that Thomas "sexually assaulted . . . and sexually harassed" Harris; (3) that Harris "left on a leave of absence in lieu of termination"; and (4) that "[m]anagers of human resources did not intervene and subsequently whitewashed it." Compl. ¶ 6.

It is not clear whether the first allegation, regarding Harris's reassignment from a "global services" position to an administrative assistant position, is presented as grounds for relief. The Complaint does not indicate whether that transfer was a demotion or otherwise adverse to Harris, and if so, whether it was based on her gender or membership in any other protected class. The Court therefore finds that this allegation does not plausibly support any basis for relief.

The third allegation, regarding Harris's "leave of absence in lieu of termination," is more clearly adverse, but there is no context to determine why Harris believed she would be terminated or whether the forced leave or the threat of termination was based on Harris's gender. As with the first allegation discussed above, it is not clear whether Harris's alleged forced leave of absence is presented as a basis for her claim or merely context for a claim based on sexual assault and harassment. Without more, the Court finds that this allegation does not plausibly support any basis for relief.

The remaining allegations—that Thomas "sexually assaulted . . . and sexually harassed" Harris and that "[m]anagers of human resources did not intervene and subsequently whitewashed it"—present a somewhat closer call, as they adhere closer to the elements of a Title VII sexual harassment claim. Under the pleading standard set by the Supreme Court's decision in *Iqbal*, however, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Iqbal*, 556 U.S. at 678.  The Court finds Harris's allegations of sexual harassment and "whitewashing" insufficient, without more, to state a claim under Title VII.  Harris's claim against United must therefore be DISMISSED.

Because this defect is based on a lack of information included in the Complaint, rather than a legally impermissible claim, Harris may well be able to amend her Complaint to state a claim against United under Title VII.  The Court therefore grants Harris leave to amend if she is aware of facts sufficient to state a claim.  Any amended complaint must include sufficient factual allegations to plausibly support the conclusion that she experienced sexual harassment "severe or pervasive enough to create an objectively hostile or abusive work environment," *Harris*, 510 U.S. at 12, and that United "encouraged or tolerated [the] harassment," *Brooks*, 229 F.3d at 924.  Harris should therefore allege specific facts including, but not limited to, facts regarding (1) Thomas's conduct; (2) any action Harris took to bring the conduct to United's attention or other reasons to believe United was aware of the conduct; and (3) United's response to the conduct.  If Harris chooses to use the form employment discrimination complaint for her amended complaint, she should attach additional pages to allow space for sufficient factual allegations.

If Harris also wishes to base her claim on her reassignment to work for Thomas, or on her forced leave of absence in lieu of termination, she must include additional allegations regarding those incidents, including (but not limited to) factual allegations plausibly supporting a conclusion that those incidents were based on her gender or some other protected class.

**IV.   CONCLUSION**

For the reasons stated above, the Court finds that Harris's Complaint fails to state a claim on which relief can be granted.  Accordingly, pursuant to 28 U.S.C. § 1915(e)(2), the Complaint is hereby DISMISSED with leave to amend.

If Harris wishes to file an amended complaint, she may do so **no later than September 18, 2015.**  The first amended complaint must include the caption and civil case number used in this Order (15-cv-02510-JCS) and the words FIRST AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the previous complaint, any amended complaint must include all the claims Harris wishes to present and all of the defendants she wishes

to sue. *See Ferdik*, 963 F.2d at 1262. Any amended complaint may not incorporate material from the prior complaint by reference, may not include a Title VII claim against Thomas, and must address the deficiencies discussed above.

Harris, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance if she continues to prosecute this action. The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102. The Oakland office is located in Room 470-S on the 4th floor at 1301 Clay Street, Oakland, CA 94612. Appointments can be made by calling (415) 782-8982 or signing up in the appointment book located outside either office. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated: August 10, 2015

JOSEPH C. SPERO
Chief Magistrate Judge